# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00577-CR

**Nicole Dawn Holland, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF BURNET COUNTY, 424TH JUDICIAL DISTRICT
NO. 41204, HONORABLE DANIEL H. MILLS, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

This is an appeal pursuant to *Anders v. California*.[1] Appellant Nicole Dawn Holland pleaded guilty to the offense of driving while intoxicated with a child passenger.[2] At the plea hearing, in accordance with the terms of a negotiated plea agreement, the district court sentenced Holland to two years' confinement in state jail but suspended imposition of the sentence and placed her on community supervision for a period of three years.

Subsequently, the State filed a motion to revoke probation, alleging that Holland had violated the terms and conditions of community supervision by committing a subsequent criminal offense, namely, operating a motor vehicle while her driver's license was suspended; failing to report to her probation officer on multiple occasions; failing to perform community service as required;

---

[1] 386 U.S. 738 (1967).

[2] *See* Tex. Penal Code § 49.045.

failing to pay various fees and costs; and failing to attend a mandatory DWI education class. At the revocation hearing, Holland pleaded true to the allegation that she had failed to attend the DWI class but not true to the other allegations. The district court then proceeded to hear evidence, including the testimony of Holland's probation officer, Terry Kennedy. Kennedy testified that Holland had failed to report to the officer on multiple occasions, failed to complete any of her community service hours, failed to pay her fees, and failed to attend the DWI class. Holland, who testified in her defense, admitted to operating a motor vehicle while her license was suspended but claimed that she did so only because she was following her mother, who was in an ambulance, to a hospital emergency room. Holland also attempted to provide explanations for her other alleged violations. At the conclusion of the hearing, the district court found that Holland had violated the terms and conditions of her community supervision as alleged, revoked her community supervision, and sentenced her to two years' confinement in state jail. This appeal followed.

Holland's court-appointed counsel has filed a motion to withdraw supported by a brief concluding that the appeal is frivolous and without merit. The brief meets the requirements of *Anders v. California* by presenting a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced.[3] Counsel has certified to the Court that she has provided a copy of the motion and brief to Holland, advised Holland of her right to examine the appellate

---

[3] *See* 386 U.S. at 744-45; *see also Penson v. Ohio*, 488 U.S. 75 (1988); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Jackson v. State*, 485 S.W.2d 553 (Tex. Crim. App. 1972).

record and file a pro se response, and provided Holland with a paper copy of the appellate record.[4] No pro se brief or other written response has been filed.

We have reviewed the record and counsel's brief and agree with counsel that the appeal is frivolous and without merit. We find nothing in the record that might arguably support the appeal. Counsel's motion to withdraw is granted.

The judgment revoking community supervision is affirmed.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Bourland

Affirmed

Filed:   August 27, 2015

Do Not Publish

---

[4] *See Kelly v. State*, 436 S.W.3d 313, 319-20 (Tex. Crim. App. 2014).